UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

YOEL LABIN on behalf of himself and
all other similarly situated consumers

                          Plaintiff,

          -against-

PORTFOLIO RECOVERY ASSOCIATES, L.L.C.

                          Defendant.
_____

## CLASS ACTION COMPLAINT

### Introduction

1.    Plaintiff, Yoel Labin, brings this action against Portfolio Recovery Associates, L.L.C. for

      violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.*

      ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive

      and unfair collection practices while attempting to collect on debts.

### Parties

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in

      that the alleged debt that Defendant sought to collect from Plaintiff a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in

      Norfolk, Virginia.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by

      consumers.

6.      Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692a(6).

### Jurisdiction and Venue

7.      This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### Allegations Particular to Yoel Labin

9.      Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.     On or about February 16, 2016, Defendant sent the Plaintiff a collection letter.

11.     The said letter was an effort to collect on a defaulted consumer debt.

12.     The February 16, 2016 letter was an initial communication, sent by the Defendant to the Plaintiff.

13.     On the rear side of the February 16, 2016 letter the Defendant stated in part: "**DISPUTES CORRESPONDENCE ADDRESS:** 140 Corporate Boulevard, Norfolk, VA 23502. Or E-Mail: PRA_Disputes@portfoliorecovery.com." (emphasis in original.)

14.     Defendant's February 16, 2016 letter misrepresented the Plaintiff's right to dispute the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692g.

15.     Although the Defendant's letter includes a telephone number, that number refers only to payments.

16.     Defendant's statement would lead an unsophisticated consumer to conclude that his option to dispute the debt, could only be in writing.

17.     It is a violation of FDCPA to require disputes be made in writing and it is a violation of the FDCPA to include language in a letter that overshadows the required 15 U.S.C. § 1692g statement.

18.     It is a further violation of the FDCPA to include language in the letter that contradicts the required 15 U.S.C. § 1692g statement.

19.     An unsophisticated consumer would conclude from the above mentioned language, that he has no option to make an oral dispute.[1]

20.     This language overshadowed and contradicted the validation notice stated above it in the letter, and was misleading, since it leaves the debtor with a false notion that disputing an alleged debt requires a written communication to be sent to the above mentioned address.

21.     An unsophisticated consumer would think that all disputes can only be done in writing.[2]

22.     The said language can be reasonably read to have two or more different meanings, one of which is inaccurate.[3]

---

[1] Hooks v. Forman, Holt, Eliades & Ravin, LLC, 717 F.3d 282, 2013 U.S. App. LEXIS 10754, 2013 WL 2321409 (2d Cir. N.Y. 2013) (Requiring a consumer to dispute a debt in writing violates the FDCPA.); Zengerle v. Dynia & Assocs., 2013 U.S. Dist. LEXIS 130873 (M.I. 2013) (Defendant points out that the letter does not expressly state that the consumer must provide a written statement to dispute the debt, but only that the consumer must "provide us with a statement." Viewing the language from the perspective of the least sophisticated consumer, however, "provide us with a statement" suggests that a writing is necessary and that the consumer may not orally dispute the debt.)

[2] See e.g., Caprio v. Heathcare Revenue Recovery Group, LLC, 709 F.3d 142, 151 (3d Cir. 2013) (letter stating "if you feel you do not owe this amount, please call us toll free" overshadowed notice; consumer may believe that a phone call was sufficient to trigger duty to verify debt); Abramov v. I.C. Systems, Inc., __ F.Supp.3d __, 2014 WL 5147549 at *5 (E.D.N.Y Oct. 14, 2014) (Directing consumer to dispute debt "in writing" if identity theft is suspected may overshadow right to verbally dispute debt); Oberther v. Midland Credit Management, Inc., __ F.Supp.3d __, 2014 WL 4548871, at *6 (D. Mass. Sept. 15, 2014) (letter that gave only two options to stop referral of account to attorney – mail payment, or call to settle – without mentioning that submitting a dispute would also do so, overshadowed validation notice.)

[3] Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989) (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993) (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); Russell v. Equifax A.R.S., 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (A collection notice is deceptive when it can be reasonably read to have two or more different meanings,

23.     Defendant's February 16, 2016 letter violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(4) for failing to comply with the validation notice requirements, and in particular, for misrepresenting Plaintiff's right to dispute the debt.

24.     Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

25.     Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

26.     Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

27.     Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

28.     Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

29.     Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to the Defendant's collection efforts.

30.     The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

---

one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

31.    These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

32.    Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

33.    This action is brought as a class action. Plaintiff brings this action on behalf of himself and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

34.    The identities of all class members are readily ascertainable from the records of Portfolio Recovery Associates, L.L.C. and those business and governmental entities on whose behalf it attempts to collect debts.

35.    Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Portfolio Recovery Associates, L.L.C., and all of their respective immediate families, and legal counsel for all parties to this action and all members of their immediate families.

36.    There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members.  The principal issues are whether Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

37.    The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

38.     The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

39.     This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a)     **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b)     **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c)     **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d)     **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the

absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e)     **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

40.     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that the above stated claims, violate provisions of the Fair Debt Collection Practices Act, and is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

41.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the

Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

42. Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

43. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.**

44. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered one (1) through forty three (43) herein with the same force and effect is if the same were set forth at length herein.

45. This cause of action is brought on behalf of Plaintiff and the members of a class.

46. The class involves all individuals whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about February 16, 2016; and (a) the collection letter was sent to a consumer seeking payment of a personal debt; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(4) for failing to comply with the validation notice requirements, and in particular, for misrepresenting Plaintiff's right to dispute the debt.

**Violations of the Fair Debt Collection Practices Act**

47.     The Defendant's actions as set forth above in the within complaint violates the Fair Debt

Collection Practices Act.

48.     Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and

the members of the class are entitled to damages in accordance with the Fair Debt

Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this

Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

(a)     Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

(b)     Attorney fees, litigation expenses and costs incurred in bringing this action; and

(c)     Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Brooklyn, New York
        February 8, 2017

        ___/s/ Maxim Maximov_____
        Maxim Maximov, Esq.
        Attorneys for the Plaintiff
        Maxim Maximov, LLP
        1701 Avenue P
        Brooklyn, New York 11229
        Office: (718) 395-3459
        Facsimile: (718) 408-9570
        E-mail: m@maximovlaw.com

Plaintiff requests trial by jury on all issues so triable.

        ___/s/ Maxim Maximov_____
        Maxim Maximov, Esq.